IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PIERRE G. THORSEN<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT 300, and LOCAL EDUCATION ASSOCIATION DISTRICT 300.<br><br>Defendants. | Case No. 3:20-cv-50132<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Pierre Thorsen was a high school teacher employed by Community Unit School District 300 ("the District"). Thorsen's third amended complaint ("TAC"), brings three claims against the District alleging religious discrimination in violation of Title VII (Count I), inducement of breach of fiduciary duty (Count II), and civil conspiracy (Count III). The TAC adds a new defendant, Local Education Association District 300 ("the Union"), Thorsen's labor union. He brings two claims against the Union, breach of fiduciary duty (Count IV) and civil conspiracy (Count V). Before the Court is the District's [128] and the Union's [131] motion to dismiss the TAC. For the following reasons the motions are granted in part and denied in part.

1

I. Background[1]

From 1996 to 2019, Pierre Thorsen worked as a high school teacher for the District. Thorsen is a practicing Christian and at times during his teaching would teach about historical events and historical peoples in a "legitimate pedagogical way." Thorsen states that the District placed undue restrictions against Christianity but there were no restrictions on teaching ancient Greek religion or Atheism and agnosticism. Thorsen also states the District limited his use of the phrase "bless you, my child." In August 2019, the District called a fact-finding meeting with Thorsen "because of his talk of Christianity and religion made people uncomfortable" and told him that termination for "just cause" was imminent unless he resigned before the meeting ended. TAC ¶ 14(c)–(e). Thorsen believes that he was constructively terminated because he resigned "under duress" before leaving the meeting. Thorsen also takes issue with the Union not providing him with an attorney for the August 2019 meeting and feels it was unlawful for the District's in-house attorney, Ms. O'Keefe, to speak to him outside the presence of an attorney. Thorsen believes that he was not provided an attorney by the Union for the August 2019 meeting because the Union and the District were conspiring against him to force him to resign his position.

---

[1] The Court draws these allegations from the TAC and are accepted as true for purposes of resolving the motion to dismiss. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Under Rule 8, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co*, 933 F.3d at 809. Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 587 (7th Cir. 2009). A plaintiff must show through his allegations that it is plausible rather than merely speculative that he entitled to relief. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*¸968 F.3d 802, 806 (7th Cir. 2020).

A motion to dismiss under Rule 12 (b)(1) "tests whether the court has subject matter jurisdiction." *Johnson v. Illinois*, No. 1:20-cv-05862, 2021 U.S. Dist. LEXIS 179674, at *3 (N.D. Ill. Sep. 21, 2021). When presented with both a Rule 12(b)(1)

3

motion to dismiss for lack of jurisdiction along with a Rule 12(b)(6) motion, the Court should address the jurisdictional question first, as it is a threshold question. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing that the Court has subject matter jurisdiction over their complaint. *See Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). If the Court concludes that it lacks subject-matter jurisdiction over a claim, it must dismiss the claim in its entirety. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

### III. Analysis

**a. Count I – Title VII Religious Discrimination**

In the two previous versions of his complaint, Thorsen claimed that he was discriminated based on his religion in 2019 but in the TAC, Thorsen amends Count I by stating that the District discriminated against him beginning on or about April 2017. Dkt. 12, TAC ¶ 6. The District argues that Count I should be dismissed because this new allegation expands the Title VII claim making it factually and legally deficient. Specifically, the District argues the expanded discrimination is not well plead because Thorsen fails to provide any factual basis for his claim that he was discriminated against starting in April 2017. The District also argues that this amendment presents an entirely new, unexhausted claim, and because he did not file a discrimination with the Equal Employment Opportunity Commission within the agency's 300-day reporting window, this claim is time barred. Dkt. 128-1, Mot. to Diss. at 2–3.

Thorsen counters by arguing that the scope of the discrimination claim remains unchanged by the TAC, and the factual allegation that the discrimination began in April 2017 is used merely as background evidence to support his otherwise timely discrimination claim. Dkt. 138, Resp. to District Mot. to Diss. at 2–3. Indeed, a plaintiff may use "prior acts as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 760 (N.D. Ill. 2020). The Court will hold Mr. Thorsen to his representations that the reference to discrimination beginning around April 2017 will only be used for context and as background evidence for his discrimination claim. Because the Court previously held that the religious discrimination claim was sufficiently plead [46], and because the claim remains unchanged in the TAC, the District's motion to dismiss Count I is denied.

## b. Count II & IV – Inducement of Breach of Fiduciary Duty, Breach of Fiduciary Duty

Invoking the Court's supplemental jurisdiction, Thorsen brings a state law claim for inducement of breach of fiduciary duty against the District (Count II), and a claim for breach of fiduciary duty against the Union (Count IV). Thorsen contends that the Union failed to meet its fiduciary duty to provide him with attorney representation at a fact-finding meeting with the District in August 2019, and as a result of the Union's failure to "have an attorney present to protect [him]," Thorsen was persuaded by the District to immediately resign. TAC, ¶¶ 85–6.

The defendants argue that the Court lacks jurisdiction to hear these claims because the Illinois Educational Labor Relations Board ("IELRB") has exclusive jurisdiction, and therefore Counts II and IV should be dismissed. Alternatively, the defendants argue that Thorsen cannot state viable claims because he fails to adequately plead an essential element of the claims, that a fiduciary duty existed between him and the Union. Because the Court finds that it lacks subject matter jurisdiction over the claims, the merits of Count II and Count IV need not be addressed.

Under 28 U.S.C. § 1367, the Court has "supplemental jurisdiction over other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." The Court, however, may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of state law." § 1367(c)(1). Thorsen's claims relating to an alleged fiduciary duty conferred upon him as a member of the Union raises questions that appear to be unsettled by Illinois Courts. Although it is well settled that under the Illinois Educational Labor Relations Act (IELRA), a union owed its members a duty of fair representation, there appears to be a dearth of authority supporting Thorsen's claims that a common law fiduciary relationship exists between a union and an individual member. The Illinois legislature, however, has enacted a comprehensive statutory scheme on issues related to public education and labor disputes, conferring exclusive jurisdiction to the IELRB. 115 ILCS 5/14; *Warren Twp. High Sch. Dist. 121 v. Local 504*, 128 Ill. 2d 155, (1988). Thorsen has not cited any

6

authority for his claim that a common law fiduciary duty exists in addition to his statutory right for fair representation, nor has he provided any authority to suggest the IELRB does not have exclusive jurisdiction over his claims. The Court is weary about potentially breaking new ground in Illinois labor relations law without clear authority to do so by Illinois law. Therefore, the court declines to exercise its supplemental jurisdiction over Counts II and IV as it raises complex and novel issues of state law. The defendants' motions to dismiss are granted.

**c. Count III & V - Civil Conspiracy**

Thorsen brings claims for civil conspiracy against the District and the Union alleging that they "worked together against [him], to force [him] to resign at the August 23, 2019, meeting." Dkt. 139, Resp. to Union Mot. to Diss. at 8. The defendants argue the civil conspiracy claims should be dismissed because Thorsen's allegations do not plead an essential element of a civil conspiracy, an unlawful act.

Under Illinois Law, a civil conspiracy claim must allege "an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or lawful purpose by unlawful means; and (2) at least one tortious act by one of the conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Turner v. Hirschbach v. Motor Lines*, 854 F.3d 926, 930 (7th Cir. 2017). The focus of the inquiry "is not the agreement itself but the tortious acts performed in furtherance of the agreement." *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 63 (Ill. 1994).

7

Thorsen argues that the tortious act element of a civil conspiracy is satisfied by pleading that the attorney for the District, Ms. O'Keefe, violated her professional ethical obligations when she knowingly spoke to him outside the presence of his attorney. The Court will hold Thorsen to his representation that the communication with Ms. O'Keefe is the alleged unlawful act and the basis for his conspiracy claims. Resp. to District Mot. to Diss. at 7; Resp. to Union Mot. to Diss. at 10. But Thorsen's claims fail because under Illinois law, a violation of the Rules of Professional Conduct is not a tortious act; there is no "professional responsibility tort" in Illinois. *Bay Grp. Health Care, LLC v. Ginsberg Jacobs, LLC*, No. 15 C 0986, 2017 U.S. Dist. LEXIS 27423 at *14 (N.D. Ill. Feb. 28, 2017). If there is no tortious act, there is no civil conspiracy. So, the defendants' motions to dismiss Counts III and V are granted.

## IV. Conclusion

For the above reasons Community Unit School District 300's motion to dismiss [128] is granted in part and denied in part. Thorsen's Title VII religious discrimination claim (Count I) remains, Counts II and III are dismissed without prejudice. Local Education Association District 300's motion to dismiss [131] is granted in its entirety, Counts IV and V are dismissed. The Clerk is directed to terminate Local Education Association District 300 from this case.

Date: August 15, 2023

_____
Honorable Iain D. Johnston
United States District Judge

8